## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOREM VASCULAR, Pte. Ltd., a Singapore Company,<br><br>    Plaintiff,<br><br>v.<br><br>PLUS THERAPEUTICS, INC., f/k/a CYTORI THERAPEUTICS, INC., a Delaware Corporation; and DOES 1 through 30, inclusive,<br><br>    Defendants. | )<br>)<br>) C.A. No. 21-885-MN<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT PLUS THERAPEUTICS, INC.'S
### REQUEST FOR JUDICIAL NOTICE

Defendant Plus Therapeutics, Inc. f/k/a Cytori Therapeutics, Inc. ("Plus") respectfully requests that the Court consider the following documents in support of Plus's Motion to Dismiss Plaintiff's Complaint ("Motion"):

1. The Asset and Equity Purchase Agreement by and among Cytori Therapeutics, Inc. and Lorem Vascular Pte. Ltd. dated March 29, 2019 (including the Disclosure Schedules and Exhibits thereto), which is attached to this Request as Exhibit 1 ("APA"); and

2. The Amended and Restated License/Supply Agreement between Lorem Vascular Pty. Ltd. and Cytori Therapeutics, Inc. dated January 30, 2014, which is attached to this Request as Exhibit 2 ("2014 License and Supply Agreement").

These documents are properly considered by the Court on Plus's Motion because: (1) they are incorporated by reference into the Complaint; and (2) the facts contained in them are subject to judicial notice under Federal Rule of Evidence 201.

I.  **LEGAL STANDARD**

When resolving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Indeed, courts do not "read [a] complaint in a vacuum and may consider the pleadings, the public record, and other documents incorporated by reference in the complaint." *Daoud v. City of Wilmington*, 894 F. Supp. 2d 544, n.6 (D. Del. 2012); *see also In re Rockefeller Ctr. Properties, Inc. Sec. Litig.*, 311 F.3d 198, 221 (3d Cir. 2002) (affirming dismissal and finding that documents incorporated by reference "fail[ed] to substantiate the Shareholders' claims").

II. **THE APA IS INCORPORATED BY REFERENCE AND SUBJECT TO JUDICIAL NOTICE**

The APA is incorporated by reference in the Complaint and should be considered by the Court in evaluating Plus's Motion. As the Third Circuit has explained, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). There is no reasonable dispute that the APA forms the basis of Lorem's claims for breach of express and implied contract terms, fraudulent inducement to enter the APA, and negligent misrepresentation regarding the APA. Lorem mentions the APA over *eighty times* in the Complaint. *E.g.* D.I. 1 ¶¶ 1-4, 6, 12-13, 16, 18, 19, 23-27, 29-33, 36-37, 40-43, 46-49, 52, 54, 56, 59, 61, 63. Indeed, the first sentence of the first paragraph of the Complaint leaves no doubt that the Complaint is based on the APA: "[b]y this action, Lorem alleges that Plus intentionally and fraudulently induced Lorem to enter into an Asset

and Equity Purchase Agreement ("APA") dated March 29, 2019…." *Id*. ¶ 1.  The Complaint also repeatedly discusses and bases its claims on the Disclosure Schedules to the APA.  *E.g. id.* ¶¶ 4, 19, 26, 31, 33, 41, 43, 52, 59.

Where, as here, the "existence and contents" of an underlying agreement are "not under reasonable dispute," the court may properly take judicial notice of the agreement.  *See Sun Life Assurance Co. Canada v. U.S. Bank Nat'l Ass'n*, No. CV 17-75-LPS, 2019 WL 2052352, at *2 (D. Del. May 9, 2019).  There is also no reasonable dispute regarding the authenticity and contents of the APA; Lorem was a party to the APA, and it is publicly accessible on the United States Securities and Exchange Commission ("SEC") website.[1]

### III.  THE 2014 LICENSE AND SUPPLY AGREEMENT IS INCORPORATED BY REFERENCE AND SUBJECT TO JUDICIAL NOTICE

The 2014 License and Supply Agreement also underlies Lorem's claims in this action and is incorporated by reference into the Complaint.  Lorem expressly references the 2014 License and Supply Agreement, alleging that pursuant to that agreement, "Plus was required to establish and subsequently did establish a … "CE" certified product manufacturing facility in the United Kingdom to enable the appropriate and/or authorized regulatory status of products in China."  D.I. 1 ¶ 2.  Lorem further alleges that the 2014 License and Supply Agreement informed Plus's knowledge of Lorem's business leading up to the execution of the APA.  *Id.*

There is also no reasonable dispute regarding the authenticity and contents of the 2014 License and Supply Agreement.  As with the APA, Lorem was a party to the 2014 License and Supply Agreement, and it is publicly accessible on the SEC's website.[2]  *See In re Tableau*

---

[1] *See* https://www.sec.gov/Archives/edgar/data/1095981/000156459019010318/cytx-ex21_7.htm.

[2] *See* https://www.sec.gov/Archives/edgar/data/1095981/000114036114004336/ex10_94.htm.

*Software, Inc. & Salesforce.com, Inc. Derivative Litig.*, No. 1:20-CV-00467-SB, 2021 WL 495149, at *2 (D. Del. Feb. 10, 2021) (taking judicial notice of SEC filings).

## IV.  CONCLUSION

For the foregoing reasons, Plus respectfully requests that the Court consider and take judicial notice of the APA and 2014 License and Supply Agreement in connection with Plus's Motion.

| | |
|---|---|
| | */s/ Kelly E. Farnan* |
| OF COUNSEL: | Kelly E. Farnan (#4395) |
| | Dorronda R. Bordley (#6642) |
| John T. Ryan | Richards, Layton & Finger, P.A. |
| David F. Kowalski | One Rodney Square |
| Latham & Watkins LLP | 920 N. King Street |
| 12670 High Bluff Drive | Wilmington, DE 19801 |
| San Diego, CA 92130 | (302) 651-7700 |
| (858) 523-5400 | farnan@rlf.com |
| Jake.Ryan@lw.com | bordley@rlf.com |
| David.Kowalski@lw.com | |
| | *Attorneys for Defendant Plus* |
| Nicole Valco | *Therapeutics, Inc*. |
| Latham & Watkins LLP | |
| 505 Montgomery Street, Suite 200 | |
| San Francisco, CA 94111 | |
| (415) 391-0600 | |
| Nicole.Valco@lw.com | |

Dated:  August 12, 2021