**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LOREM VASCULAR, Pte. Ltd., a Singapore Company, | ) ) |
| | ) C.A. No. 21-885-EJW |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PLUS THERAPEUTICS, INC., f/k/a CYTORI THERAPEUTICS, INC., a Delaware Corporation; and DOES 1 through 30, inclusive, | ) ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S ANSWER TO COMPLAINT FOR (1) BREACH OF CONTRACT;**
**(2) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND**
**FAIR DEALING; (3) FRAUDULENT INDUCEMENT; AND**
**(4) NEGLIGENT MISREPRESENTATION**

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Defendant Plus Therapeutics, Inc. ("Plus") by its attorneys, hereby answers and asserts defenses to the claims and allegations made by Plaintiff Lorem Vascular, Ptd. Ltd. ("Lorem") in its Complaint filed on June 22, 2021. Plus denies all allegations in the Complaint, including all allegations contained in section headings, footnotes, or other portions of the Complaint that are not contained within the specifically numbered paragraphs of the Complaint, except as expressly admitted herein. Numbered paragraphs below correspond to the like-numbered paragraphs in the Complaint.

## INTRODUCTION[1]

1.      Plus admits that Cytori Therapeutics, Inc. entered into an Asset and Equity Purchase Agreement ("APA") dated March 29, 2019 with Lorem.   Except as specifically admitted, Plus denies the allegations in Paragraph 1.

2.      Plus admits that Cytori Therapeutics, Inc. entered into an Amended and Restated License/Supply Agreement with Lorem in 2014.   Plus refers to that agreement for a true and complete statement of its contents, and denies all allegations inconsistent with the terms of that agreement.   The remainder of Paragraph 2 states legal conclusions to which no response is required.   To the extent a response is required, except as specifically admitted, Plus denies the allegations in Paragraph 2.

3.      Plus lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and denies them on that basis.

4.      Plus denies the allegations in Paragraph 4.

5.      Plus admits that the excerpted language in the last sentence of Paragraph 5 appears in an August 3, 2018 letter addressed from Farah Khan to Terrie Heidemann, but it is incomplete and must be read in its entirety, and Plus denies that the bracketed language appears in the excerpt. Plus refers to the referenced August 3, 2018 letter for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained in that letter and the surrounding context.   Except as specifically admitted, Plus denies the allegations in Paragraph 5.

6.      Plus denies the allegations in Paragraph 6.

---

[1] The Complaint contains section titles and other organizational headings to which no response is required.  To the extent any such section titles or other organizational headings in the Complaint are construed to contain substantive allegations to which a response is required, they are hereby denied.  To the extent Plus uses terms defined in the Complaint in this Answer, such use is not an acknowledgement or admission of any characterization Lorem seek to associate with any such defined term.

## THE PARTIES

7.      Plus lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and denies them on that basis.

8.      Plus admits that it is a clinical-stage pharmaceutical company that, among other things, develops cancer therapies.  Plus admits that it is a corporation formed under the laws of Delaware, and that its principal place of business is Austin, Texas.   Except as specifically admitted, Plus denies the allegations in Paragraph 8.

9.      Plus lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and denies them on that basis.

10.     Paragraph 10 contains legal conclusions to which no response is required.  To the extent a response is required, Plus denies the allegations in Paragraph 10.

11.     Paragraph 11 contains legal conclusions to which no response is required.  To the extent a response is required, Plus denies the allegations in Paragraph 11.

## JURISDICTION AND VENUE

12.     Plus admits that it is incorporated under Delaware law, and that its principal place of business is Austin, Texas.  Plus admits that the excerpted language in the last sentence of Paragraph 12 appears in Section 11.11 of the APA, but it is incomplete and must be read in its entirety.  Plus refers to the APA for a true and complete statement of its contents, and denies all allegations inconsistent with the statements contained in the APA and the surrounding context. The remainder of Paragraph 12 contains legal conclusions to which no response is required.  To the extent a response is required, Lorem does not presently contest the personal jurisdiction of this court for the purposes of this action only, and does not presently contest jurisdiction or venue for purposes of this action only.

## FACTUAL BACKGROUND

**A.      Brief Overview of Medical Device Certifications**

13.     Plus admits that, under the APA, Lorem purchased Cytori Ltd.'s Celution cell processing systems and devices, including the Celution consumable set, Celase reagent, and Intravase reagent.  The second sentence of Paragraph 13 contains legal conclusions to which no response is required.  To the extent a response is required to the second sentence of Paragraph 13, Plus lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and denies them on that basis.   Except as specifically admitted, Plus denies the allegations in Paragraph 13.

14.     Paragraph 14 contains legal conclusions and characterizations to which no response is required.  To the extent a response is required, Plus denies the allegations in Paragraph 14.

15.     Paragraph 15 contains legal conclusions and characterizations to which no response is required.  To the extent a response is required, Plus denies the allegations in Paragraph 15.

16.     Plus admits that, in or about March 2019, pursuant to Lorem's purchase order, Cytori shipped Celution Consumable Sets and Celase from Cytori Ltd.'s facility in Deeside to Lorem in Beijing, China.  The remainder of Paragraph 16 contains legal conclusions and characterizations to which no response is required.  To the extent a response is required, except as specifically admitted, Plus denies the allegations in Paragraph 16.

17.     The first two sentences of Paragraph 17 contain legal conclusions and characterizations to which no response is required.  To the extent a response is required to the first two sentences of Paragraph 17, Plus lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and denies them on that basis.  Plus lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the third, fourth, and fifth

sentences in Paragraph 17, and denies them on that basis.  Plus denies the remainder of the allegations in Paragraph 17.

**B.**     **Plus's Repeated Misrepresentations As To The Status Of Cytori UK's CE Certification**

18.     Plus admits that the parties engaged in discussions leading up to the signing of the APA.  Plus admits that, among other documents, it provided Lorem electronic access to documents through an online data room.  Plus admits that the online data room included a copy of a CE Certificate No. 619294.  Plus admits that the language excerpted in the seventh sentence of Paragraph 18 appears in the document attached as Exhibit A to the Complaint, but it is incomplete and must be read in its entirety.  Plus refers to the referenced document for a true and complete statement of its contents, and denies all allegations and characterizations inconsistent with the statements contained in that document and the surrounding context.  Plus lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 18, and denies them on that basis.  Except as specifically admitted, Plus denies the remaining allegations of Paragraph 18.

19.     Plus denies the allegations in Paragraph 19.

i.     Plus admits that the online data room included copies of CE Certificate Nos. 619294 and 622786.  Plus refers to the referenced documents for a true and complete statement of their contents, and denies all allegations and characterizations inconsistent with the statements contained in those documents and the surrounding context.  Except as specifically admitted, Plus denies the allegations in Paragraph 19(i).

ii.     Plus admits that the language excerpted in Paragraph 19(ii) appears in Section 3.10 of the Disclosure Schedule to the APA, but it is incomplete and must be read in its entirety.  Plus refers to the APA for a true and complete statement of its contents, and denies all

allegations and characterizations inconsistent with the statements contained in the APA and the surrounding context. Except as specifically admitted, Plus denies the allegations in Paragraph 19(ii).

iii. Plus admits that, in or about March 2019, pursuant to Lorem's purchase order, Cytori shipped Celution Consumable Sets and Celase from Cytori Ltd.'s facility in Deeside to Lorem in Beijing, China. Plus admits that Exhibit B to the Complaint contains documents titled "Commercial Invoice" and "Proforma-Invoice" that bear the amounts $46,200 and $21,000, respectively, but Paragraph 19(iii)'s description of the referenced documents is incomplete and they must be read in their entirety. Plus refers to the referenced documents for a true and complete statement of their contents, and denies all allegations and characterizations inconsistent with the statements contained in the documents and the surrounding context. Except as specifically admitted, Plus denies the allegations in Paragraph 19(iii)..

iv. Plus denies the allegations in Paragraph 19(iv).

v. Plus admits that Schedule 3.10(b) of the APA states, in part: "Not in compliance: Last year, the Company was supposed to perform an audit of the UK facility last year. This has not been done yet. As a result, Inventory assembled in the UK facility cannot be exported to the UK or EU." Plus refers to the APA for a true and complete statement of its contents, and denies all allegations and characterizations inconsistent with the statements contained in the APA and the surrounding context. Except as specifically admitted, Plus denies the allegations in Paragraph 19(v).

20. Plus denies the allegations in Paragraph 20.

i. Plus admits that, in letter dated January 12, 2018 from BSI to Cytori Ltd. and attached as Exhibit C to the Complaint, BSI wrote that CE 619294 and CE 622786 certificates of Cytori Ltd. were suspended, but Paragraph 20(i)'s description of the letter is incomplete and it

must be read in its entirety.  Plus refers to the referenced letter for a true and complete statement of its contents, and denies all allegations and characterizations inconsistent with the statements contained in the letter and the surrounding context.  Plus admits that, in letter dated August 3, 2018 from BSI to Cytori Ltd. and attached as Exhibit D to the Complaint, BSI wrote that it had processed the cancellation of CE 619294 and CE 622786 certificates of Cytori Ltd., but Paragraph 20(i)'s description of the letter is incomplete and it must be read in its entirety.  Plus refers to the referenced letter for a true and complete statement of its contents, and denies all allegations and characterizations inconsistent with the statements contained in the letter and the surrounding context.  Except as specifically admitted, Plus denies the allegations in Paragraph 20(i).

    ii.  Plus lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20(ii), and denies them on that basis.

    iii.  Plus lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20(ii), and denies them on that basis.

  21.  Plus denies the allegations in Paragraph 21.

  22.  Plus admits that the language excerpted in the block quote in Paragraph 22 appears in its Form 8-K signed on March 5, 2019, but it is incomplete and must be read in its entirety.  Plus refers to the referenced 8-K, which is included as Exhibit E to the Complaint, for a true and complete statement of its contents, and denies all allegations and characterizations inconsistent with the statements contained in the 8-K and the surrounding context.  Except as specifically admitted, Plus denies the allegations in Paragraph 22.

  23.  Plus lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 23, and denies them on that basis.  Plus denies the remainder of the allegations in Paragraph 23.

  24.  Plus denies the allegations in Paragraph 24.

25.     Plus admits that, in or about March 2019, pursuant to Lorem's purchase order, Cytori shipped Celution Consumable Sets and Celase from Cytori Ltd.'s facility in Deeside to Lorem in Beijing, China.   Except as specifically admitted, Plus denies the allegations in Paragraph 25.

26.      Plus admits that Disclosure Schedule 3.10(b) of the APA included two bullets, that the first bullet stated "The certificates included in Exhibit 3.10(b) to these schedules," and that the second bullet stated "Not in compliance:  Last year, the Company was supposed to perform an audit of the UK facility last year.  This has not been done yet.  As a result, Inventory assembled in the UK facility cannot be exported to the UK or EU."  Plus refers to the APA for a true and complete statement of its contents, and denies all allegations and characterizations inconsistent with the statements contained in the document and the surrounding context.  Plus specifically denies that Section 3.10(b) of the Disclosure Schedule states that the certificates included in Exhibit 3.10(b) to these schedules included any CE Certificates for Cytori UK.   Except as specifically admitted, Plus denies the allegations in Paragraph 26.

27.     Plus denies the allegations in Paragraph 27.

28.     Plus denies the allegations in Paragraph 28.

29.     Plus admits that on April 24, 2019, it completed the APA transaction with Lorem. Except as specifically admitted, Plus denies the allegations in Paragraph 29.

30.     Plus denies the allegations in Paragraph 30.

**C.     The Asset and Equity Purchase Agreement (APA)**

31.     Plus admits that Cytori Therapeutics, Inc. entered into an APA dated March 29, 2019 with Lorem.  Plus admits that, under the APA, Lorem purchased Cytori Ltd.'s Celution cell processing systems and devices, including the Celution consumable set, Celase reagent, and Intravase reagent.   Plus admits that, when the APA transaction was completed, it received

$4,000,000 of cash proceeds.  Plus admits that the excerpted language in Paragraph 31 subparts (i), (iii), (iv), (v), (vii), (viiii), and (ix) appears in the APA, but it is incomplete and must be read in its entirety, and Plus denies that subparts (ii) and (vi) accurately excerpt APA Sections 3.06 and 3.10(c), respectively.  Plus refers to the APA for a true and complete statement of its contents, and denies all allegations and characterizations inconsistent with the statements contained in the APA and the surrounding context, including the material that is omitted from the excerpted language in the ellipses.  Except as specifically admitted, Plus denies the allegations in Paragraph 31.

32.     Plus admits that the excerpted language in Paragraph 32 appears in the APA at Section 9.02, but it is incomplete and must be read in its entirety, and Plus denies that the excerpted language appears in Section 9.01 of the APA.  Plus refers to the APA for a true and complete statement of its contents, and denies all allegations and characterizations inconsistent with the statements contained in the APA and the surrounding context, including the material that is omitted from the excerpted language in the ellipses.  Except as specifically admitted, Plus denies the allegations in Paragraph 32.

**D.     Lorem Discovers Plus's Misrepresentations**

33.     Plus lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 33, and denies them on that basis.  Plus denies the remainder of the allegations in Paragraph 33.

34.     Paragraph 34 contains legal conclusions and characterizations to which no response is required.  To the extent a response is required, Plus lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 34, and denies them on that basis.  Plus denies the remainder of the allegations in Paragraph 34.

35.     Plus lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentence of Paragraph 35, and denies them on that basis.  Plus denies the remainder of the allegations in Paragraph 35.

**E.     Plus Breached the Representations and Warranties Made In the APA**

36.     Plus denies the allegations in Paragraph 36 and its subparts.

**F.     Plus Refuses To Indemnify Lorem For Its Losses**

37.     Plus admits that Lorem sent it a letter dated October 15, 2020 from Kian Thiam Lim purporting to notify Plus of claimed breaches of representations and warranties in the APA and indemnification.  Plus refers to the referenced letter for a true and complete statement of its contents, and denies all allegations and characterizations inconsistent with the statements contained in the letter and the surrounding context.  Except as specifically admitted, Plus denies the allegations in Paragraph 37.

38.     Plus denies the allegations in Paragraph 38.

## First Cause of Action

## Breach Of Contract

## (Against Defendant Plus Therapeutics, Inc.)

39.     Plus repeats and realleges each and every response set forth in Paragraphs 1 through 38 above as if fully set forth herein.

40.     Plus admits that Cytori Therapeutics, Inc. entered into an APA dated March 29, 2019 with Lorem.

41.     Plus admits that the excerpted language in Paragraph 41 appears in the APA, but it is incomplete and must be read in its entirety.  Plus refers to the APA for a true and complete statement of its contents, and denies all allegations and characterizations inconsistent with the

statements contained in the APA and the surrounding context.  Except as specifically admitted, Plus denies the allegations in Paragraph 41.

42.     Paragraph 42 contains a legal conclusion to which no response is required.  To the extent a response is required, Plus denies the allegations in Paragraph 42.

43.     Paragraph 43 contains legal conclusions to which no response is required.  To the extent a response is required, Plus denies the allegations in Paragraph 43.

44.     Paragraph 44 contains legal conclusions to which no response is required.  To the extent a response is required, Plus denies the allegations in Paragraph 44.

<u>**Second Cause of Action**</u>

<u>**Breach Of The Implied Covenant Of Good Faith And Fair Dealing**</u>

**(Against Defendant Plus Therapeutics, Inc.)**

45.     Plus repeats and realleges each and every response set forth in Paragraphs 1 through 44 above as if fully set forth herein.

46.     Plus admits that Cytori Therapeutics, Inc. entered into an APA dated March 29, 2019 with Lorem.

47.     Paragraph 47 contains legal conclusions to which no response is required.  To the extent a response is required, Plus denies the allegations in Paragraph 47.

48.     Paragraph 48 contains legal conclusions and characterizations to which no response is required.  To the extent a response is required, Plus denies the allegations in Paragraph 48.

49.     Paragraph 49 contains legal conclusions and characterizations to which no response is required.  To the extent a response is required, Plus denies the allegations in Paragraph 49.

50.     Paragraph 50 contains legal conclusions to which no response is required.  To the extent a response is required, Plus denies the allegations in Paragraph 50.

**Third Cause of Action**

**Fraudulent Inducement**

**(Against Defendant Plus Therapeutics, Inc.)**

51.     Plus repeats and realleges each and every response set forth in Paragraphs 1 through 50 above as if fully set forth herein.

52.     Paragraph 52 contains legal conclusions to which no response is required.  To the extent a response is required, Plus denies the allegations in Paragraph 52.

53.     Plus denies the allegations in Paragraph 53.

54.     Plus denies the allegations in Paragraph 54.

55.     Paragraph 55 contains legal conclusions to which no response is required.  To the extent a response is required, Plus denies the allegations in Paragraph 55.

56.     Paragraph 56 contains legal conclusions to which no response is required.  To the extent a response is required, Plus denies the allegations in Paragraph 56.

57.     Paragraph 57 contains legal conclusions to which no response is required.  To the extent a response is required, Plus denies the allegations in Paragraph 57.

**Fourth Cause of Action**

**Negligent Misrepresentation**

**(Against Defendant Plus Therapeutics, Inc.)**

58.     Plus repeats and realleges each and every response set forth in Paragraphs 1 through 57 above as if fully set forth herein.

59.     Paragraph 59 contains legal conclusions to which no response is required.  To the extent a response is required, Plus denies the allegations in Paragraph 59.

60.     Plus denies the allegations in Paragraph 60.

61.     Plus denies the allegations in Paragraph 61.

62.     Paragraph 62 contains legal conclusions to which no response is required.  To the extent a response is required, Plus denies the allegations in Paragraph 62.

63.     Paragraph 63 contains legal conclusions to which no response is required.  To the extent a response is required, Plus denies the allegations in Paragraph 63.

## AFFIRMATIVE DEFENSES

As separate defenses to the allegations of Paragraphs 1 through 63 of Lorem's Complaint, Plus sets forth the following affirmative and other defenses.  By raising these defenses, Plus does not hereby assume the burden of proof with respect to those matters as to which, pursuant to law, Lorem bears the burden.  All defenses are pleaded in the alternative and none constitute an admission that Lorem is entitled to any relief.  Plus reserves the right to supplement or amend these defenses as discovery is conducted, and does not knowingly or intentionally waive any applicable affirmative defense.

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

Lorem's Complaint fails to allege sufficient facts to state a cause of action and fail to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
**(No Damages)**

Lorem's claims are barred, in whole or in part, because Lorem has not suffered any injury or damages, or its alleged damages, if any, are speculative and uncertain.

### THIRD AFFIRMATIVE DEFENSE
**(Laches)**

Lorem's claims are barred, in whole or in part, by the equitable doctrine of laches including because, for example, it unreasonably delayed in pursuing its purported rights.

13

## FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

Lorem's claims are barred, in whole or in part, by the equitable doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

Lorem's claims are barred, in whole or in part, by the equitable doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Lorem's claims are barred, in whole or in part, by the equitable doctrine of unclean hands including based on, for example, its violations of its obligations under the parties' 2014 license agreement.

## SEVENTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

Lorem's claims are barred, in whole or in part, by the doctrine of assumption of risk.

## EIGHTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

Lorem's claims are barred, in whole or in part, because it has not suffered injury in fact and has not lost money or property because of the acts or practices complained of.

## NINTH AFFIRMATIVE DEFENSE
### (Limitation of Liability)

Lorem is barred from recovering any alleged damages that exceed the limitations of liability and indemnification as set forth in the APA.

## TENTH AFFIRMATIVE DEFENSE
### (No Reliance)

Lorem's claims are barred, in whole or in part, because it did not rely on any representations or statements alleged to have been made by Plus or any actionable omission attributed to Plus.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Proximate Cause)

Lorem's claims are barred, in whole or in part, because Plus's conduct was not the proximate cause of any damage or injury allegedly suffered by Lorem.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Punitive Damages)

Lorem is not entitled to punitive damages because Plus did not act with malice, fraud, or oppression and such an award would be contrary to the Due Process Clauses of the U.S. Constitution and the limitations of liability and indemnification as set forth in the APA.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Insufficient Facts to Support a Damages Claim)

Lorem is not entitled to recover money damages, punitive damages, interest or attorneys' fees because it has not and cannot set forth sufficient facts to support such a claim.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Economic Loss Rule)

Lorem's claims are barred, in whole or in part, by the economic loss rule.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Set-off / Recoupment)

If Lorem has been injured or damaged, which Plus denies, Plus is not liable for the full amount of the purported damages to the extent Plus is entitled to set-off or recoup the amounts allegedly due to Lorem.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

If Lorem has been injured or damaged, which Plus denies, Lorem is barred from recovery in whole or in part by its failure to mitigate injury and its failure to mitigate damages, as required by law and under the APA.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Failure to Notify Under Contract)

Lorem's claims are barred, in whole or in part, because it did not comply with the duty to provide prompt notice of any matter it had determined had given or could reasonably be expected to give rise to a right of indemnification, as required by the APA.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Failure to Plead with Particularity)

Lorem's claims are barred, in whole or in part, as it fails to plead its fraud-related claims with particularity.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

Lorem's claims are barred, in whole or in part, because any recovery would result in unjust enrichment to Lorem.

## RESERVATION OF ADDITIONAL DEFENSES

Plus reserves the right to raise any additional defenses, affirmative or otherwise, and any counterclaims which may become apparent through discovery in the course of this action.

## PRAYER FOR RELIEF

Plus generally denies that Lorem is entitled to any of the relief requested by the paragraph and sub-paragraphs referencing its prayer for relief.  Plus prays for the following:

a. Dismissal of Lorem's claims on the merits with prejudice;

b. A finding that Plus is not liable to Lorem, or that Lorem's claims are barred, in whole or in part, based on one or more of the affirmative defenses asserted herein;

c. An award to Plus of its attorneys' fees, costs, and expenses; and

d. Such other and further relief as the Court deems just.

<table>
<tr><td>

*Of Counsel*:

John T. Ryan
David F. Kowalski
Latham & Watkins LLP
12670 High Bluff Drive
San Diego, CA 92130
(858) 523-5400
Jake.Ryan@lw.com
David.Kowalski@lw.com

Nicole Valco
Latham & Watkins LLP
505 Montgomery Street, Suite 200
San Francisco, CA 94111
(415) 391-0600
Nicole.Valco@lw.com

Dated:  February 24, 2022

</td><td>

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Dorronda R. Bordley (#6642)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
bordley@rlf.com

*Attorneys for Defendant Plus Therapeutics,
Inc., f/k/a Cytori Therapeutics, Inc.*

</td></tr>
</table>