## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOREM VASCULAR, Pte. Ltd., a Singapore Company, | ) )  ) |
| Plaintiff, | ) ) |
| v. | )   C.A. No. 21-00885-EJW ) |
| PLUS THERAPEUTICS, INC. f/k/a CYTORI THERAPEUTICS, INC., a Delaware corporation; and DOES 1 through 30, inclusive, | ) ) ) ) ) |
| Defendants. | ) |

## JOINT REPORT OF RULE 26(F) CONFERENCE
## AND CASE MANAGEMENT STATEMENT

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure, Plaintiff Lorem Vascular, Pte. Ltd. ("Plaintiff") and Defendant Plus Therapeutics, Inc. ("Defendant") submit this Joint Rule 26(f) Report.

    1.    <u>Joinder of Other Parties and Amendment of Pleadings</u>.  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before May 20, 2022. Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 8(g) and 9.

    2.    <u>Application to Court for Protective Order.</u>  As agreed by the parties in their February 17, 2022 submission to the Court, counsel are conferring and attempting to reach an agreement on a proposed form of order and submit it to the Court by March 24, 2022.  Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 7(g) below.

Any proposed protective order must include the following paragraph:

Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

3. Electronically Stored Information ("ESI"). As agreed by the parties, the parties shall submit a joint proposed stipulation regarding the discovery of ESI by March 31, 2022. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted at http://www.ded.uscourts.gov (*see* Other Resources, Default Standard for Discovery) and is incorporated herein by reference.

4. Papers Filed Under Seal. In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

5. Discovery. Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules shall be strictly observed.

   (a) Fact Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before October 14, 2022.

   (b) Requests for Admission. A maximum of 50 requests for admission are permitted for each side, except that there shall be no limit on the number of requests to admit the

genuineness of a document for each side.

    (c)    Document Production. Document production shall be substantially completed by August 8, 2022. This provision does not preclude the parties from requesting or producing additional documents after August 8, 2022, consistent with the fact discovery cut off of October 14, 2022.

    (d)    Interrogatories.

    i.    A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

    ii.    The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof.

    (e)    Depositions.

    i.    Limitation on Deposition Discovery.

**Plaintiff's Proposal**: Each side is limited to a total of 90 hours of deposition upon oral examination time for party and non-party depositions.

**Defendant's Proposal**: Defendant does not propose any limitations on total hours of depositions, other than those provided by the Federal Rules. Fed. R. Civ. P. 30(a)(2)(A)(i) and (d)(1) permit up to ten depositions of seven hours each, *i.e.*, a maximum of 70 hours of deposition time. There is no basis to exceed the Rule 30 deposition limits in this action by nearly 30%.

     ii. <u>Limitations on Federal Rule of Civil Procedure 30(b)(6) Deposition Discovery.</u>

  **Plaintiff's Proposal**: Plaintiff does not propose any limitations, other than those provided by the Federal Rules.

  **Defendant's Proposal**: Without a prior order increasing the limit, each party may seek Rule 30(b)(6) depositions from the other party on up to a total of 10 subject matters (for the entire case) described with reasonable particularity. Each witness-designee deposed for one half-day or more in a Rule 30(b)(6) deposition shall count as a single deposition for purposes of the deposition limit under Rule 30. A corporate designee may, immediately after being deposed on the stated subject, be deposed in his or her individual capacity. Both such sessions shall count together as a single deposition so long as the total time does not exceed 7 hours as proscribed by Rule 30(d)(1) (although the sessions should be separately transcribed). If two designees are deposed, each for one half-day or more, then they count as two depositions.

     iii. <u>Location of Depositions.</u> The parties acknowledge the difficulty of international travel in view of the ongoing global health crisis, and will work in good faith to determine a reasonable and convenient location for each deposition. For any deposition that takes place in person, any party or representative (officer, director, or managing agent) of a party must submit to a deposition at a place within the United States. The parties shall meet and confer regarding the locations of depositions, taking into account convenience for the deponent. To the extent necessary, depositions may be conducted by remote means such as via Zoom, LiveNote, or other similar means.

   (f)  <u>Disclosure of Expert Testimony.</u>

    i.  <u>Expert Reports.</u>

**Joint Proposal**. For the party who has the initial burden of proof on the subject matter, the Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before November 23, 2022. The Federal Rule of Civil Procedure 26(a)(2) disclosure of rebuttal expert testimony is due on or before January 13, 2023. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

**Plaintiff's Proposal**: Reply expert reports from the party with the initial burden of proof are due on or before January 20, 2023. Plaintiff's proposal is consistent with the practice of every judge in the District of Delaware.

**Defendant's Proposal**: No reply expert reports from the party with the initial burden of proof will be permitted. The parties previously conferred and agreed upon a case schedule, which they submitted to the Court on February 17, 2022 consistent with the Court's order. (D.I. 23.) That case schedule permitted opening and rebuttal expert reports, and set a deadline for the end of expert discovery less than a month after the service of rebuttal expert reports, but did not include reply reports. (*Id.*) Plaintiff first raised the prospect of reply reports weeks after the parties had submitted their agreed-upon schedule. Reply expert reports are neither warranted here nor permitted under Rule 26(a)(2)(B), which requires expert reports to contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Not every judge in the District of Delaware allows reply expert reports in non-patent cases. Plaintiff's request to modify the parties' agreed-upon expert report schedule in the context of a Rule 26(f) report is untimely and improper. If the Court does allow reply

5

expert reports from the party with the initial burden of proof, Defendant requests that the Court extend the expert discovery cutoff by seven days to February 17, 2023.

                ii.      <u>Objections to Expert Testimony.</u>  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

                iii.      <u>Expert Discovery Cut Off.</u>  All expert discovery in this case shall be initiated so that it will be completed on or before February 10, 2023.

    6.    <u>Discovery Matters and Disputes Relating to Protective Orders.</u>

**<u>Plaintiff's Proposal</u>**:  Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures. Should counsel find, after a reasonable effort pursuant to Local Rule 7.1.1 that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Judicial Administrator to schedule an argument.

On a date to be set by separate order, generally not less than four (4) days prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues.  On a date to be set by separate order, but generally not less than three (3) days prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

6

Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it.  Alternatively, the Court may choose to resolve the dispute prior to the conference and will, in that event, cancel the conference.

**Defendant's Proposal**:  Defendant defers to the Court's preferences with respect to the procedure for resolving discovery disputes.  To the extent the Court is inclined to implement the procedure that Plaintiff proposes, Defendant requests that the party responding to a discovery dispute letter have at least three business days to file a responsive letter.

7. Case Dispositive Motions.  All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before March 3, 2023.  Briefing will be presented pursuant to the Court's Local Rules.

Dated:  March 18, 2022
10078009

| POTTER ANDERSON & CORROON LLP | RICHARDS, LAYTON & FINGER, P.A. |
|---|---|
| By: */s/ Philip A. Rovner*<br>Philip A. Rovner (#3215)<br>Jonathan A. Choa (#5319)<br>1313 N. Market Street, 6th Floor<br>Wilmington, DE 19801<br>(302) 984-6000<br>provner@potteranderson.com<br>jchoa@potteranderson.com | By: */s/ Kelly E. Farnan*<br>Kelly E. Farnan (#4395)<br>Dorronda R. Bordley (#6642)<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>farnan@rls.com<br>bordley@rlf.com |

*Attorneys for Plaintiff Lorem Vascular, Pte. Ltd.*

*Of Counsel*:

Travis J. Anderson
James V. Fazio
Jenna G. Crawford
Sheppard Mullin Richter & Hampton LLP
12275 El Camino Real, Ste. 100
San Diego, CA 92130
(858) 720-8900
tanderson@sheppardmullin.com
jfazio@sheppardmullin.com
jcrawford@sheppardmullin.com

*Attorneys for Defendant Plus Therapeutics, Inc., f/k/a Cytori Therapeutics, Inc.*

*Of Counsel*:

John R. Ryan
David F. Kowalski
Latham & Watkins LLP
12670 High Bluff Drive
San Diego, CA 92130
(858) 523-5400
Jake.Ryan@lw.com
David.Kowalski@lw.com

Nicole Valco
Latham & Watkins LLP
505 Montgomery Street, Suite 200
San Francisco, CA 94111
(415) 391-0600
Nicole.Valco@lw.com