**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LOREM VASCULAR, Pte. Ltd., a Singapore Company, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | C.A. No. 21-00885-EJW |
| v. | ) ) | |
| PLUS THERAPEUTICS, INC. f/k/a CYTORI THERAPEUTICS, INC., a Delaware corporation; and DOES 1 through 30, inclusive, | ) ) ) ) ) | |
| Defendants. | ) | |

**STIPULATED PROTECTIVE ORDER GOVERNING THE DESIGNATION AND**
**HANDLING OF CONFIDENTIAL MATERIALS**

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, it is hereby ORDERED THAT:

1.     **DEFINITIONS**.  The terms defined in this Section 1 and parenthetically elsewhere shall, throughout this Order, have the meanings provided.  Defined terms may be used in the singular or plural.

1.1     The "Action" means the above-captioned litigation.

1.2     "Party" means a party to the Action, including all of its officers, directors, employees, consultants, retained experts, and outside Counsel of Record (and their support staff).

1.3     "Material" means all information, documents, testimony, and things produced, served or otherwise provided in this action by any Party or by any non-party.

1.4    "Designated Material" means any Material that is designated "CONFIDENTIAL" under this Order.  Designated Material shall not include materials that have been publicly published or publicly disseminated.

1.5    "Designating Party" means a Party or non-party that designates any Material in productions, in disclosures, or in responses to discovery as "CONFIDENTIAL."

1.6    "Producing Party" means any Party or non-party that discloses or produces Material in this Action.

1.7    "Receiving Party" means any Party receiving production or disclosure of Material in this Action.

1.8    "Confidential Material" means information, documents, and things the Designating Party believes in good faith constitutes non-public, proprietary, or commercially sensitive information, including trade secret or other confidential research, development, pricing information, sales or marketing strategy, product development information, business plans, or commercial or any other non-public information that is maintained in confidence by the Designating Party.

1.9    "Counsel of Record" means (i) outside counsel who has entered an appearance as counsel for a Party and has not subsequently withdrawn, and (ii) partners, principals, counsel, associates, employees and contract attorneys of such outside counsel to whom it is reasonably necessary to disclose the information for this Action, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters.

1.10    "Outside Consultant" means any person with specialized knowledge experience in a matter pertinent to this Action who has been retained by a Party or its Counsel of

Record to serve as an expert witness, or as a consultant in this Action, and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or of a competitor of a Party.

1.11    "Professional Vendors" means any persons or entities that provide litigation support services and their employees and subcontractors who have been retained or directed by Counsel of Record in this Action, and who are not current employees of a Party or of a competitor of a Party and who, at the time of retention, are not anticipated to become employees of a Party or of a competitor of a Party.  Litigation support services include but are not limited to:  photocopying; videotaping; translating; designing and prepared exhibits, graphics or demonstrations; organizing, storing, retrieving data in any form or medium; etc.  Professional Vendors include ESI vendors and professional jury or trial consultants retained in connection with this Action.  Professional Vendors do not include consultants who fall within the definition of Outside Consultant.

1.12    "Termination" means the later of (1) dismissal of all claims and defenses in this Action (whether through settlement or otherwise), or (2) the entry of final judgment and expiration of all periods to appeal or seek judicial review of such judgment or dismissal.

1.13    "Affiliate" shall mean, with respect to any Party, any other entity controlling, controlled by, or under common control with that Party.  As used in this definition, the term "control" means the ownership of more than fifty percent (50%) of the ownership or equity interests of such entity.

2.    **SCOPE**

2.1    The protections conferred by this Order cover not only Designated Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, and any testimony, conversations, or presentations

by Parties or their Counsel of Record that might reveal Designated Material.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules of this Court, or the Court's deadlines provided in any scheduling order or discovery order issued by the Court.  Identification of any individual pursuant to this Order does not make that individual available for deposition, or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's deadlines provided in any scheduling order or discovery order issued by the Court.

2.2    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Designated Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Designated Material to an individual who prepared the Designated Material.

**3.    MATERIAL DESIGNATED "CONFIDENTIAL."**  Any Designating Party may designate as "CONFIDENTIAL" any Material that the party believes in good faith constitutes Confidential Material.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Material designated "CONFIDENTIAL" only to:

(a)    Any persons who was an author, addressee, or recipient of the Designated Material;

(b)    In-house officers or employees of a Receiving Party (including a parent or Affiliate of a Receiving Party), and necessary secretarial staff, to whom it is reasonably necessary to disclose the information for this litigation, provided that any such employee or staff has signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, prior to receiving any Designated Material;

(c)　　　Counsel of Record for the Designating Party or the Receiving party;

(d)　　　Outside Consultants of the Receiving Party (including necessary employees of the Outside Consultants) provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of this Order by signing a copy of the "Acknowledgment and Agreement To Be Bound By Protective Order' attached hereto as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B; and (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party;

(e)　　　Witnesses at deposition and/or trial consistent with the provisions of Section 4 below, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order;

(f)　　　The Court and its personnel, any technical advisor that the Court may appoint, and any Jury impaneled in the Action;

(g)　　　Any designated arbitrator or mediator who is assigned to hear this Action, or who has been selected by the Parties, and his or her staff;

(h)　　　Court reporters and videographers employed in connection with this Action;

(i)　　　Professional Vendors to whom disclosure is reasonably necessary for this Action;

(j)　　　Jury consultants, trial consultants, or mock jurors selected by counsel in preparation for trial, provided they have signed the Acknowledgment and Agreement To Be Bound By Protective Order attached hereto as Exhibit A; and

(k)     Any other person authorized by written agreement of the Producing Party and the Receiving Party or by order of the Court, provided they have signed the Acknowledgment and Agreement To Be Bound By Protective Order attached hereto as Exhibit A.

4.     **USE AT DEPOSITION**

4.1     A present director, officer, agent, employee, designated Rule 30(b)(6) witness, and/or Outside Consultant of a Producing Party may be shown at deposition and examined on all Designated Material that has been produced by that Party;

4.2     A former director, officer, agent and/or employee of a Producing Party may be shown at deposition and examined on a) any document containing Designated Material of a Producing Party that appears on its face to have been received from or communicated to the witness, or b) any document containing Designated Material which the Receiving Party's outside Counsel of Record reasonably and in good faith believes based on other documents or testimony was authored or received by the witness previously, so long as it is first reasonably established, without actual disclosure of the Designated Material, that the witness authored or previously received the Designated Material;

4.3     Non-parties may be shown at deposition and examined on a) any document containing Designated Material of a Producing Party that appears on its face to have been received from or communicated to the non-party, or b) any document containing Designated Material which the Receiving Party's outside Counsel of Record reasonably and in good faith believes based on other documents or testimony was authored or received by the non-party previously, so long as it is first reasonably established, without actual disclosure of the Designated Material, that the non-party authored or previously received the Designated Material.

4.4     Any person other than the witness, his or her attorney(s), and any person qualified to receive Designated Material under this Order, shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to sign the "Acknowledgment and Agreement To Be Bound By Protective Order" attached as Exhibit A.  In the event that such attorney declines to sign the Acknowledgment and Agreement To Be Bound By Protective Order prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting such attorney from disclosing such Designated Material.

4.5     Except as may be otherwise ordered by the Court, and without limitation as to any of the other provisions of this section, any person may be examined as a witness by deposition, and may testify concerning a) any document containing Designated Material of a Producing Party that appears on its face to have been received from or communicated to the witness, or b) any document containing Designated Material which the Receiving Party's outside Counsel of Record reasonably and in good faith believes based on other documents or testimony was authored or received by the witness previously, so long as it is first reasonably established, without actual disclosure of the Designated Material, that the witness authored or previously received the Designated Material;

4.6     Notwithstanding any sub-Section of this Section 4, no copies of Designated Material may be provided to any deponent or trial witness other than for purposes of the examination without the written consent of the Producing Party.

5.    **PROCEDURE FOR DESIGNATING MATERIAL.**  Subject to the limitations set forth in this Order, a Designating Party may designate as "CONFIDENTIAL" information that the Designating Party believes, in good faith, meets the definition of Confidential Material set forth in Section 1.8 above.

5.1    Except as otherwise provided in this Order or as otherwise stipulated or ordered, Material that qualifies for protection under this Order must be designated in accordance with this Section before the Material is disclosed or produced.  In addition to the marking of documents and things with the appropriate level of confidentiality as provided in this Order, all documents and things produced by a Producing Party shall be Bates numbered.

5.2    Designation in conformity with this Order shall be made as follows:

(a)    For information in documentary form (apart from transcripts of depositions, or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" on each page that contains Designated Material.

(b)    For testimony given in deposition, the Designating Party shall specify any portions of the testimony that it wishes to designated as "CONFIDENTIAL."  In the case of depositions, the Designating Party may also designate any portion of a deposition transcript as "CONFIDENTIAL" by informing the reporter, and opposing Parties, in writing within thirty (30) calendar days of completion of the deposition of the designations to be applied.  All deposition transcripts not marked "CONFIDENTIAL" during the deposition will nonetheless be treated as "CONFIDENTIAL" until the thirty (30) day period has expired.  Transcript pages containing Designated Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Designating Party.

(c)      For information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "CONFIDENTIAL" to the extent reasonably practical.

(d)      The provisions of this Sub-Section 5.2 do not apply to documents produced in native format.  Documents produced in native format will have their respective confidentiality designation and Bates number identified in the filename of the native file, by placing a designation in production load file in a field related to confidentiality, or by other prominent means that would reasonably apprise the recipient of the designation.

6.      **GENERAL USE OF DESIGNATED MATERIAL.**  Unless otherwise ordered by the Court, or agreed to in writing by the Parties, all Designated Material, and all information derived therefrom, shall be used by the Receiving Party only for purposes of this Action. Designated Material shall not be used for any other purpose including, but not limited to, any business, proprietary, commercial, legal/other litigation, arbitration or claim, or governmental purpose.  Information contained or reflected in Designated Material shall not be disclosed in conversations, presentations by parties or counsel, in court or in other settings that might reveal Designated Material, except in accordance with terms of this Order.

6.1      Nothing in this Order shall limit any Designating Party's use of its own documents and information, nor shall it prevent the Designating Party from disclosing its own confidential information, documents or things to any person.  Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

6.2     Nothing in this Order shall limit a Receiving Party from making use of or disclosing documents and/or things that (a) were lawfully in its possession prior to receipt of such information from a Producing Party; (b) appear in any published material available to the Producing Party's trade or business, available to the public, or otherwise become available within the public domain, other than as a consequence of the Receiving Party's breach of any obligation not to disclose the information; or (c) it lawfully obtains subsequent to the Producing Party's disclosure, without obligation of confidence, from a source or sources other than the Producing Party; regardless of whether the same is Designated Material.

6.3     Subject to the remaining provisions of this Protective Order, absent written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file, or disclose, in the public record any Designated Material.

6.4     If a Receiving Party files any document with the Court containing information designated by a Producing Party as Designated Material, it shall file such a document in accordance with the Court's rules and practices governing the filing of sealed documents.  All such Designated Material so filed shall be released from confidential treatment only by order of the Court.

6.5     This Protective Order shall not bar or otherwise restrict Counsel of Record from rendering advice to his or her client with respect to the Action, and in the course thereof, referring to or relying generally upon his or her examination of Designated Material, provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the content of such information designated as Designated Material contrary to the terms of this Protective Order.

7.      **<u>NO WAIVER OF PRIVILEGE</u>.**  Subject to the provisions of Federal Rule of Evidence 502, inspection or production of documents (including physical objects) shall not constitute a waiver of any claim of attorney-client privilege, work product immunity, or any other applicable privilege or immunity that the Producing Party would otherwise be entitled to assert with respect to the protected information.  A Producing Party may assert privilege or protection over produced documents at any time by notifying the Receiving Party in writing that it has disclosed the protected information without intending a waiver by the disclosure.  Upon such notice, the Receiving Party shall promptly retrieve and return or destroy all copies of such document(s).  In addition, if a Receiving Party identifies produced documents or information that appears on its face to contain inadvertently produced privileged matter or attorney work product, the Receiving Party shall immediately notify the Producing Party of the potentially privileged or work product material, and sequester the materials until the Producing Party confirms whether the material is privileged or work product.

Nothing in this provision will limit the right of the Receiving Party to contest in good faith the Producing Party's claim of privilege or protection.  However, in contesting a claim of privilege, the Receiving Party may not reference the substance of any clawed-back documents or information.  The Producing Party shall retain a copy of any such documents and shall be prepared to submit them to the Court in connection with any Order of this Court requiring an *in camera* inspection in connection with a challenge of the privilege designation.

Pursuant to Federal Rule of Evidence 502(d) and (e), the production of privileged or work product protected documents or information is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order protects any disclosure of protected information, whether that disclosure is inadvertent or otherwise.

8.     __INADVERTENT FAILURE TO DESIGNATE PROPERLY__.  In the event that a Producing Party mistakenly or inadvertently fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL" at the time of its production, it may be corrected by written notification to counsel for the Receiving Party, and the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the terms of this Order. The Receiving Party and other authorized recipients of such documents or information shall not be responsible for any prior actions taken with respect to such documents or information before receiving notice of the designation.  Upon designation, the Receiving Party shall take reasonable efforts to retrieve such information from individuals unauthorized to access it and to ensure that the information is treated consistent with its designation and this Protective Order.

9.     __CHALLENGES TO CONFIDENTIALITY DESIGNATIONS__.  The Parties will use reasonable care when designating information as "CONFIDENTIAL."  Nothing in this Order shall prevent a Receiving Party from contending that any or all documents or information designated as Confidential have been improperly designated.  A Party shall not be obligated to challenge the propriety of any designation of Designated Material at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto, unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation**.**

9.1     Any challenge to a designation of Discovery Material shall be written, shall be served on opposing counsel for the Producing Party, shall particularly identify the document(s) that the Receiving Party contends should be differently designated and shall state the grounds for

the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(a)     The objecting Party shall have the burden of conferring in person, in writing or by telephone with the Producing Party claiming protection in a good faith effort to resolve the dispute within 14 days of service of notice.  When conferring, the objecting Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  An objecting Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

(b)     Failing agreement, the Receiving Party may bring the issue to the Court in accordance with the Court's discovery dispute procedures for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

(c)     Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until such time as the Designating Party withdraws the designation of the Discovery Material in question or the Court rules that the Discovery Material is not entitled to such designation.

10.     **COMMUNICATIONS BETWEEN PARTIES AND COUNSEL OF RECORD.**  Responsive documents and things subject to the attorney-client privilege, work product protection, and/or other applicable protection/immunity, including privileged or protected communications between a Party and its respective Counsel of Record, as well as those communications with a Party's counsel or Counsel of Record or subject to the joint defense or community of interest/common interest immunity occurring after the date of filing of Plaintiff's initial Complaint, need not be produced or disclosed on a privilege log in response to a discovery request served by another Party, except as required to rely on an opinion of counsel as part of a defense in this Action.

11.     **EXPERT REPORTS, DECLARATIONS AND COMMUNICATION.**  For experts retained in anticipation of or in connection with this Action, documents and notes created by or for an expert in connection with preparation of his or her expert report or declaration (including but not limited to drafts), shall not be discoverable and need not be preserved, except to the extent the documents and notes are relied on by the expert.  Work product materials, including communications, generated in connection with non-testifying experts and consultants who are retained in anticipation of or in connection with the above-captioned litigation, shall not be discoverable.  Conversations or communications between counsel and any testifying expert or consultant shall not be discoverable, except to the extent such conversations or communications are relied upon by the experts.

12.     **UNAUTHORIZED DISCLOSURE.**  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement To Be Bound" that is attached hereto as Exhibit A.

13.    **NON-PARTY USE OF THIS PROTECTIVE ORDER.**   A non-party that produces Material voluntarily, or pursuant to a subpoena or a court order, may designate such Material in the same manner, and shall receive the same level of protection under this Protective Order, as any Party to this Action.   A non-party's use of this Protective Order to protect its Confidential Material does not entitle that non-party access to Confidential Material produced by any Party in this Action (or to Confidential Material produced by other non-parties).   Any non-party who is subpoenaed or whose documents, things, or other items are otherwise requested in connection with this Action must be provided a copy of this Protective Order and be made aware of their right to produce documents pursuant thereto.

14.    **A   NON-PARTY'S   PROTECTED   MATERIAL   SOUGHT   TO   BE PRODUCED IN THIS LITIGATION**.   The terms of this Order are applicable to information produced by a non-party in this action and designated as "CONFIDENTIAL."  Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order.   Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.  In the event that a Party is required, by a valid discovery request, to produce a non-party's confidential information in its possession, and the Party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the Party shall:

(a)      promptly notify in writing the Requesting Party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

(b)      promptly provide the non-party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)      make the information requested available for inspection by the non-party.

If the non-party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the non-party's confidential information responsive to the discovery request.  If the non-party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the court.  Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this court of its protected material.

15.      **MATERIAL SUBPOENAED IN OTHER LITIGATION.**  By entering this Order and limiting the disclosure of information in this Action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or Party subject to this Order who becomes subject to a motion to disclose another Party's information designated as "CONFIDENTIAL" pursuant to this Order shall promptly notify the Producing Party of the motion so that the Producing Party may have an opportunity to appear and be heard on whether that information should be disclosed.  More specifically, if a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this Action as "CONFIDENTIAL" the Receiving Party must so notify the Producing Party, in writing (by email) promptly, and in no event more than five (5) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order.  The Receiving Party also must

immediately inform, in writing, the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.  The Receiving Party must also cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose Designated Material may be affected.  If the Producing Party timely seeks a protective order, the Party served with a subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL," before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Producing Party's permission.  The Producing Party shall bear the burden and the expense of seeking protection in that court of its Designated Material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

      **16.**   **<u>WAIVER OF NOTICE PROVISIONS.</u>**  Any of the notice requirements herein may be waived, in whole or in part, but only by a writing from the Counsel of Record for the Party against whom such waiver will be effective.

      **17.**   **<u>MODIFICATION AND OBJECTIONS.</u>**  This Order is entered without prejudice to the right of any Party to apply to the Court at any time for modification of this Order, when convenience or necessity requires.  Nothing in this Order abridges the right of any person to seek to assert other objections.  No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

18.    **JURISDICTION.**  The United States District Court for the District of Delaware is responsible for the interpretation and enforcement of this Protective Order.  All disputes concerning Designated Material produced under the protection of this Protective Order shall be resolved by the United States District Court for the District of Delaware.  Every individual who has signed the "Acknowledgment and Agreement To Be Bound By Confidentiality Order" attached as Exhibit A, or who received any Designated Material, agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Order.

19.    **FINAL DISPOSITION.**  Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final Termination of this Action, all Parties, persons, and entities (including experts and consultants) who received Designated Material shall use reasonable efforts to destroy or return to Counsel of Record for the Producing Party all Designated Material and any and all copies of such Designated Material.  The Receiving Party must submit a written confirmation of the return or destruction to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline.  The Receiving Party's "reasonable efforts" shall not require the return or destruction of Designated Material from (i) disaster recovery or business continuity backups, (ii) data stored in system-generated temporary folders or near-line storage, (iii) archived data with limited end-user accessibility, and/or (iv) material that is subject to legal hold obligations or commingled with other such material.  Backup storage media will not be restored for purposes of returning or certifying destruction of Confidential Material, but such retained information shall continue to be treated in accordance with this Order.

Counsel of Record may retain an archival copy of all pleadings and court filings, motion papers (including exhibits), trial, deposition, and hearing transcripts, expert reports (including exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial or in deposition, legal memoranda, correspondence, attorney work product, consultant and expert work product, and legal files, even if such materials contain Designated Material.  Any such archival copies that contain or constitute Designated Material remain subject to this Protective Order as set forth in Section 19 (DURATION).

20.    **DURATION**.  Even after final Termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until modified, superseded, or terminated by written agreement of the parties or by an Order of the Court.

21.    **EXPORT REQUIREMENTS.**  The Receiving Party will not use or export any technical information in violation of U.S. export laws and regulations.  Each party shall adhere to all applicable export laws and regulations, including those administered by the U.S. Department of Commerce (U.S. Export Administration Regulations 15 CFR 730 et seq.), and shall not export, reexport, resell, transfer, or disclose, directly or indirectly, any technical data or products received from the other to any proscribed person, entity, or country, or foreign national thereof, unless properly authorized by the U.S. or other applicable government.

22.    **SUCCESSORS.**  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

By: */s/ Philip A. Rovner*                  By: */s/ Kelly E. Farnan*               

| | |
|---|---|
| Philip A. Rovner (#3215) | Kelly E. Farnan (#4395) |
| POTTER ANDERSON & CORROON LLP | Dorronda R. Bordley (#6642) |
| Hercules Plaza | RICHARDS, LAYTON & FINGER, P.A. |
| P.O. Box 951 | One Rodney Square |
| Wilmington, DE 19899 | 920 North King Street |
| (302) 984-6000 | Wilmington, DE 19801 |
| provner@potteranderson.com | (302) 651-7700 |
| | farnan@rlf.com |
| *Attorneys for Plaintiff Lorem Vascular, Pte.* | bordley@rlf.com |
| *Ltd* | |

 

OF COUNSEL:

John T. Ryan
David F. Kowalski
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA  92130
(858) 523-5400
jake.ryan@lw.com
david.kowalski@lw.com

Nicole Valco
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 200
San Francisco, CA  94111
(415) 391-0600
nicole.valco@lw.com

*Attorneys for Defendant Plus
Therapeutics, Inc., f/k/a Cytori
Therapeutics, Inc.*

SO ORDERED this  11  day of    April   , 2022.

/s/ Evan J. Wallach
_____
The Honorable Evan J. Wallach
United States Circuit Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LOREM VASCULAR, Pte. Ltd., a Singapore Company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 21-00885-EJW |
| PLUS THERAPEUTICS, INC. f/k/a CYTORI THERAPEUTICS, INC., a Delaware corporation; and DOES 1 through 30, inclusive, | ) ) ) ) ) | |
| Defendants. | ) | |

**ACKNOWLEDGMENT AND AGREEMENT TO BE
BOUND BY PROTECTIVE ORDER**

I, _____ [print or type full name], of

_____ hereby affirm that:

Information, including documents and things designated as "CONFIDENTIAL," as defined in the Protective Order entered in the above-captioned Litigation, will be provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.  I submit to the jurisdiction of the United States District Court for the District of Delaware for enforcement of the Protective Order.

I agree not to use any CONFIDENTIAL information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned Litigation and not to disclose any of this information to persons, other than those specifically authorized by this Protective Order,

1

without the express written consent of the Party who designated the information as CONFIDENTIAL or by Order of the Court.

DATED:_____

CITY, STATE WHERE SWORN AND SIGNED:_____

PRINTED
NAME:_____

SIGNATURE:_____

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LOREM VASCULAR, Pte. Ltd., a Singapore Company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | C.A. No. 21-00885-EJW |
| PLUS THERAPEUTICS, INC. f/k/a CYTORI THERAPEUTICS, INC., a Delaware corporation; and DOES 1 through 30, inclusive, | ) ) ) ) ) | |
| Defendants. | | |

**CERTIFICATION OF CONSULTANT**

I, _____ [print or type full name], of

_____ hereby affirm that:

Information, including documents and things designated as "CONFIDENTIAL" as defined in the Protective Order entered in the above-captioned Litigation, is being provided to me pursuant to the terms and restrictions of the Protective Order. I have been given a copy of and have read the Protective Order.

I am familiar with terms of the Protective Order and I agree to comply with and to be bound by its terms. I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not use any CONFIDENTIAL information disclosed to me pursuant to the Protective Order, except for purposes of the above-captioned Litigation, and not to disclose any of this information to persons, other than those specifically authorized by the Protective Order, without the express written consent of the Party who designated the information as CONFIDENTIAL or by order of the Court. I also agree to notify any stenographic, clerical or

1

technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing "CONFIDENTIAL" information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in the above-captioned Litigation, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any CONFIDENTIAL information are to be returned to counsel who provided me with such documents and materials.

DATED:_____

CITY, STATE WHERE SWORN AND SIGNED:_____

PRINTED
NAME:_____

SIGNATURE:_____